BARBARA L. VICKREY, Adm'r of the Estate of Scott W. Vickrey, Deceased, Plaintiff, v. CATERPILLAR TRACTOR COMPANY, Defendant and Third-Party Plaintiff-Appellant (Bangert Brothers Road Builders, Inc., Third-Party Defendant-Appellee).

Fourth District No. 4—86—0096

Opinion filed August 28, 1986.

Heyl, Royster, Voelker & Allen, of Springfield (Frederick P. Velde and Daniel R. Simmons, of counsel), for appellant.

David B. Stutsman, James C. Cook, and David R. Jones, all of Walker & Williams, P.C., of Belleville, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Caterpillar Tractor Company (Caterpillar) appeals the trial court's dismissal of its third-party complaint against Bangert Brothers Road Builders, Inc. (Bangert). Caterpillar argues that the trial court erroneously decided that the substantive law of Missouri applied to the third-party complaint. We disagree and affirm.

The relevant facts are undisputed. On November 25, 1980, while Scott Vickrey was working at Lambert International Airport in St. Louis County, Missouri, he sustained fatal injuries. Vickrey was standing in the bucket of a front-end wheel loader which had been manufactured by Caterpillar and sold to Bangert. The sale had taken place in Missouri. The bucket rose suddenly, crushing Vickrey against a steel beam which he had been sandblasting. Vickrey's widow recovered workers' compensation benefits pursuant to the Missouri statutes from Bangert.

Subsequently, she filed a products liability action in Madison County, Illinois, against Caterpillar alleging that the product was in an unreasonably dangerous condition when sold to Bangert. Caterpillar filed a third-party complaint against Bangert pursuant to "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1985, ch. 70, par. 302(a)) and a motion for change of venue. Charles Blixt, Caterpillar's attorney, in an affidavit attached to the venue motion, stated that Caterpillar was incorporated in California, had its principal place of business in Peoria County, Illinois, and did not transact business in Madison County. The trial court denied the venue motion but allowed Caterpillar to file its third-party complaint.

The third-party complaint alleged Bangert's negligence contributed to the decedent's injuries and death. If Caterpillar were found liable, Bangert should be responsible for the portion of the damages attributable to its negligence. Bangert moved to dismiss the third-party complaint, alleging that Missouri law applied in the instant case.

The circuit court of Madison County denied Bangert's motion to dismiss. Bangert filed a motion for reconsideration of the denial. Meanwhile, Caterpillar appealed the denial of its venue motion. The appellate court reversed the Madison County circuit court's denial of the venue motion. (*Vickrey v. Caterpillar Tractor Co.* (1985), 131 Ill. App. 3d 1175 (order under Supreme Court Rule 23).) Thereafter, the cause was transferred to Macon County.

The Macon County circuit court granted Bangert's motion for reconsideration and after a hearing, allowed the motion to dismiss the

third-party complaint, finding that Missouri had the most significant contacts with the action. The court also found no just reason to delay enforcement or appeal. 103 Ill. 2d R. 304.

Under Missouri law, an employer who pays workers' compensation benefits is released from all other liability to its employee and to other persons. (Mo. Ann. Stat. sec. 287.120(1) (Vernon Supp. 1986); *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss* (Mo. 1979), 588 S.W.2d 489; *Osburg v. Gammon* (Mo. App. 1986), 704 S.W.2d 268.) Although Missouri has adopted concepts of comparative fault and contribution among joint tortfeasors (*Gustafson v. Benda* (Mo. 1983), 661 S.W.2d 11), adoption of these principles has not changed the application of the employer immunity. (*Sweet v. Herman Brothers, Inc.* (Mo. App. 1985), 688 S.W.2d 31.) The right to contribution in Missouri is premised upon "actionable" negligence. Since the negligence of an employer who pays workers' compensation by virtue of the statute, is not "actionable," it is not responsible for contribution. *Sweet v. Herman Brothers, Inc.* (Mo. App. 1985), 688 S.W.2d 31.

Illinois, however, allows a third party, potentially liable to an injured employee, to maintain a contribution action against the employer. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382.) In *Doyle*, the court addressed whether the statutory immunity provided an employer by sections 5(a) and 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, pars. 138.5(a), 138.11) bars a contribution action against the employer by a third party who was partially responsible for the injury. The court acknowledged that in many jurisdictions workers' compensation actions preclude third-party claims. However, the Illinois employer-immunity right under workers' compensation is an affirmative defense. Therefore, the employer is still "subject to liability" in tort for purposes of the Contribution Act. See also *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849.

However, if the employee has filed an action against the third party, the third party must bring his contribution claim as a third-party claim in the original action. *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.

■ In resolving a conflict-of-law question, Illinois courts apply the local law of the place of the injury unless Illinois has a more significant relationship with the occurrence and with the parties. If Illinois has the more significant relationship with the occurrence and the parties, the law of Illinois should apply. *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593; *Mech v. Pullman Standard* (1984), 136 Ill.

App. 3d 939, 484 N.E.2d 776.

■ *Ingersoll* followed the choice-of-law principles set out in the Restatement (Second) of Conflict of Laws. The Restatement provides that contacts should be weighed according to their importance to the specific issue presented by the action. Contacts which should be evaluated include: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile or place of business of the parties; and (4) the place where the relationship between the parties is centered. (Restatement (Second) of Conflict of Laws sec. 145 (1971).) The relative significance of contacts in a multistate tort action is evaluated in light of the underlying policy factors important to the tort area. These include: the needs of the forum; the relevant policies of the forum and the other jurisdictions; and the ease of determination of the relative laws. (Restatement (Second) of Conflict of Laws sec. 6 (1971).) The comments to section 173 of the Restatement note that in contribution cases the local law of the place where the conduct causing an injury occurred will usually be applied. Restatement (Second) of Conflict of Laws sec. 173 (1971).

In evaluating a choice-of-law question, then, Illinois courts follow a tripartite procedure. First, the courts isolate the issues involved. Second, the courts identify the relevant policies embraced in the conflict. Third, the courts examine the contacts and determine which jurisdiction has the superior interest in having its policy applied. *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d 485, 426 N.E.2d 350.

As noted earlier, the issue here is whether the Missouri or Illinois law governing the interaction of workers' compensation statutes and contribution principles should apply. Application of Missouri law would bar the third-party action in the instant case. In *Ferriss*, the Missouri court adopted the reasoning of *Seaboard Coast Line R.R. Co. v. Smith* (Fla. 1978), 359 So. 2d 427, in discussing the policy behind workers' compensation liability and immunity from contribution actions. Since workers' compensation replaced common law liability with strict liability to the employee, the Missouri court felt equity did not require contribution from the employer. Imposing noncontractual contribution would deprive the employer of the benefit of the statute. However, it still would be absolutely liable to its employees. (*State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss* (Mo. 1979), 588 S.W.2d 489, 491.) Therefore, Missouri policy balances the conflict between equitable principles of contribution and immunity as provided in its workers' compensation statutes in favor of protecting employers under the workers' compensation system.

Illinois policy resolves the competing statutory interests in favor of contribution between its domiciliaries who jointly contribute to an employee's injuries. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437.) It views the workers' compensation statute as an affirmative defense which the employer may raise in an employee action. Therefore, the employer is still subject to suit for purposes of contribution actions. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382.) Thus, in balancing the competing equities and statutes, Illinois policy favors contribution.

Bangert is a Missouri corporation, with its principal place of business in Missouri. It purchased the wheel loader from a Caterpillar dealership in Fenton, Missouri. The accident took place in Missouri. Decedent entered into his employment contract in Missouri and performed his work entirely in Missouri. Subsequently, workers' compensation benefits were paid on behalf of Bangert to decedent's widow under Missouri's workers' compensation statute. Decedent and his widow were domiciled in Illinois at the time of the accident. Caterpillar is an Illinois domiciliary.

■ Caterpillar argues that the Illinois policy favoring contribution would be subverted if Missouri law applied and that Illinois has the more substantial contacts with the litigation. Bangert argues Missouri's interests are stronger. Initially, we note that the entire litigation must be considered in assessing which forum has the more significant contacts with the litigation. (*Mech v. Pullman Standard* (1984), 136 Ill. App. 3d 939, 484 N.E.2d 776.) Here, the only contacts Illinois has with the litigation are that it is the domicile of the original plaintiff, decedent's widow, and Caterpillar's principal place of business. All other contacts revolve around Missouri. The Missouri workers' compensation system and its policy of providing immunity from further suit would be gravely undermined by application of Illinois law in the instant case. The Illinois policy would not be similarly affected since an Illinois employer was not partially responsible for decedent's injuries nor did decedent recover benefits pursuant to the Illinois workers' compensation statutes. The trial court properly found Missouri substantive law applied.

We note that Caterpillar was subject to a products liability action in Missouri as well as in Illinois.

The decision in *Kabak v. Thor Power Tool Co.* (1969), 106 Ill. App. 2d 190, 245 N.E.2d 596, an indemnity action, supports the above conclusion. Plaintiff, an Ohio domiciliary, filed an action in Illinois to recover damages for injuries which he sustained when an emery wheel

shattered as he was operating a grinding machine. The grinding machine belonged to his employer, an Ohio corporation. Defendant, an Illinois corporation, manufactured and sold the machine to plaintiff's employer. Defendant appealed the dismissal of its third-party indemnity complaint against plaintiff's employer. The plaintiff had recovered benefits under Ohio's workers' compensation statute. The Ohio statute relieved the employer from further liability.

The appellate court noted that the third-party action had to be considered in light of the tort that gave rise to it. It then found Ohio law applied. The injury occurred in Ohio, the employee worked in Ohio, the employer was an Ohio corporation, the equipment was situated and sold in Ohio, the employer's alleged negligence occurred in Ohio, the employee received benefits under Ohio's laws, and the manufacturer should have realized that it was subject to suit in other States when it placed the machinery in the stream of commerce. These same considerations apply in the instant case. See also *Mech v. Pullman Standard* (1984), 136 Ill. App. 3d 939, 484 N.E.2d 776; *Elston v. Industrial Lift Truck Co.* (1966), 420 Pa. 97, 216 A.2d 318.

For the above reasons, we affirm the trial court.

Affirmed.

WEBBER and SPITZ, JJ., concur.