ELEANOR STEPHAN *et al.*, Plaintiffs, v. SEARS, ROEBUCK AND COMPANY, Defendant and Third-Party Plaintiff-Appellant (Otis Elevator Company, Third-Party Defendant-Appellee.)

First District (2nd Division)   No. 85—2297

Opinion filed September 23, 1986.—Rehearing denied October 23, 1986.

Arthur L. Klein and Michael J. Ranallo, both of Arnstein, Gluck, Lehr, Barron & Milligan, of Chicago, for appellant.

Robert S. Soderstrom, Charles P. Menges, and Sara E. Cook, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff Eleanor Stephan filed a personal injury action against defendant, Sears, Roebuck and Company (Sears), for injuries sustained when she fell on an escalator at the Sears store at 1900 West Lawrence in Chicago. Sears, as third-party plaintiff, filed a third-party action against third-party defendant Otis Elevator Company (Otis). Count I alleged implied indemnity. Count II alleged contribution against Otis, and count III alleged breach of contract. Otis answered denying all material allegations. Thereafter, with leave of court, Otis withdrew its answer to counts I and III and moved to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). The basis of the motion was failure to state a cause of action for implied indemnity and breach of contract. The trial court granted Otis' motion. Sears appeals under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). Count II, based on contribution, remains answered and is not before this court.

Plaintiff's complaint alleged that Sears was negligent in failing to keep distracting radios and televisions from the escalator areas; placing lights near the escalator, which caused a glare to reflect from the escalator steps; failing to adequately mark the steps; failing to provide an adequate warning; and operating the escalator at too great a speed and in a defective condition.

Count I of Sears' third-party complaint alleged that, at the time of plaintiff's injury, Otis had assumed active or sole responsibility for the maintenance and repair of the escalator and that any injury was due to the active negligence of Otis and not Sears. Count III of the complaint alleged that, by the terms of a contract signed in 1954, Otis undertook

to maintain the escalator and that Otis' breach of that contract was the cause of any injuries. The provision of the contract on which Sears relies is the following:

> "It is agreed that we [Otis] assume no liability for injuries or damage to persons or property except those directly due to our acts or omissions; and that your responsibility for injuries or damage to persons or property while on or about the escalators referred to is in no way affected by this agreement. We shall not be liable to any loss, damage or delay caused by acts of government, strikes \*\*\*."

At the hearing on Otis' motion to dismiss, the trial court made the following findings: Sears and Otis had a pretort relationship that dated from the time of their contract, 1954; however, Sears' complaint did not allege any vicarious liability on the part of Otis because the record was unclear about whether Sears or Otis controlled the speed of the escalator. The court concluded: "I think that this case clearly belongs with a trier of facts on the contribution, and I don't see any indemnity \*\*\*."

## I

Sears claims that the court improperly dismissed count I, the implied-indemnity count, because Sears alleged all of the necessary elements for a cause of action: a pretort relationship between Sears and Otis, and a significant difference in the nature of their conduct that justified the shifting of responsibility, *i.e.*, Otis was actively negligent and Sears was passively negligent. Recent decisions by this court and our supreme court, however, cast doubt about the viability of this cause of action.

In *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935, our supreme court held that indemnity and contribution are distinct causes of action. Contribution is a statutory remedy that involves the sharing of payment of damages, and is available to all parties who are subject to liability for the same injury in proportion to their respective responsibility. Indemnity is a common law doctrine that shifts the entire burden of the judgment on one party. Indemnity may be express, based on contract, or implied, based on a pretort relationship and qualitative distinction of culpability. Although given the opportunity, the supreme court did not decide the question of whether implied indemnity remained a viable cause of action in light of the passage of "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*), but remanded the case to this court for further consideration.

■ After reviewing the history of contribution and implied indemnity from the English common law to the present, this court concluded "implied indemnity no longer exists in Illinois in view of the Contribution Act." *Heinrich v. Peabody International Corp.* (1985), 139 Ill. App. 3d 289, 302, 486 N.E.2d 1379, *appeal allowed* (1986), 111 Ill. 2d 581. See also *Coverdill v. Lurgi Corp.* (1986), 146 Ill. App. 3d 112.

In *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, our supreme court, without expressing an opinion in a few limited situations, virtually delivered a final blow to implied indemnity in this State. We find the reasoning in *Allison* persuasive and applicable to this case.

■ The court stated that the adoption of comparative negligence (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886) eliminated the doctrinal basis for active-passive indemnity. (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 32.) The court further stated:

> "In *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 27, the court determined that total justice can only be attained where the law 'apportions damages according to the relative fault of the parties.' Active-passive indemnity, like contributory negligence, perpetuates inequality by its inability to apportion loss and its refusal to grant any relief whatsoever to a party whose conduct is considered 'active' regardless of how much or little other tortfeasors are at fault. [Citation.] Because active-passive indemnity is contributory negligence and last clear chance incarnate, it perpetuates a theory of fault repudiated in *Alvis*: that one party was ultimately responsible for any injury, and that courts were charged with employing legal doctrine in a game of pin the tail on the donkey." (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 34.)

Thus, the court concluded that "[a]ctive-passive indemnity is no longer a viable doctrine for shifting the entire cost of tortious conduct from one tortfeasor to another." 113 Ill. 2d 26, 35.

■ The logic of *Allison* applies equally to this case. Here, plaintiff Eleanor Stephan alleged that she was injured because Sears placed distracting lights, radios, and televisions near the entrance to the escalator. She also alleged that the escalator was moving too fast and that it was operated in a defective condition. Assuming, as we must, the allegations are true for the purposes of this motion, then it may be possible that both Sears and Otis are liable for the injuries because of some act or omission on their part. Thus, contribution, which is a statutory remedy that involves the sharing of payment of damages among liable parties, is a superior practice to indemnity, which completely shifts liability to another. (*Heinrich v. Peabody International Corp.*

(1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935.) The trial court properly dismissed count I.

## II

■ The court, however, improperly dismissed count III of the complaint. Sears alleged that Otis was obligated to maintain and repair the escalator under the terms of the 1954 contract and that any injury to plaintiff Stephan was a "direct and proximate result of its contract with Sears." We must take the allegation as true. *Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 944, 428 N.E.2d 1028.

Sears does not allege any specific act or omission on the part of Otis. The only possible allegation contained in the plaintiff's complaint is that the escalator was moving too fast or that it was defective. As the court noted, the record is unclear as to whether Otis or Sears had control of the speed of the escalator. The record is also unclear as to whether the alleged speed was the result of Otis' failure to keep it in good repair. These are questions of fact that are normally resolved by a trier of fact. However, we take these allegations and all inferences as true; the court, therefore, erred in dismissing count III of the complaint.

## III

The recent decisions cited in this opinion and the Contribution Act affect only implied indemnity. Express indemnity remains alive and well in this State. The opinion in *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, does not affect "the validity of explicit undertakings among two or more parties to shift from one party to another the ultimate cost of liability which may arise in favor of a third party." 113 Ill. 2d 26, 27.

Accordingly, the judgment of the circuit court of Cook County is affirmed in part, reversed in part and remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed and remanded in part.

HARTMAN and SCARIANO, JJ., concur.