Antonia A. MOORE, Plaintiff,

v.

The WAUSAU CLUB, Defendant.

The WAUSAU CLUB, Third
Party Plaintiff,

v.

DICK JUDSON ORCHESTRAS, INC.
and Dick Judson, Third Party
Defendants.

No. 90 C 6832.

United States District Court,
N.D. Illinois, E.D.

Oct. 8, 1991.

Donald A. Kurasch, Donald A. Kurasch, Ltd., Chicago, Ill., for plaintiff.

Thomas M. Crisham, Thomas C. Hofbauer, Hinshaw & Culbertson, Chicago, Ill., for defendant and third-party plaintiff.

John F. Pacocha, Laughlin, Cunningham, Hare & Fanone, Chicago, Ill., for third-party defendants.

MEMORANDUM OPINION
AND ORDER

NORDBERG, District Judge.

Antonia Moore, a resident of Illinois, filed suit against The Wausau Club ("Wau-

sau"), a Wisconsin corporation with its principal place of business in Wisconsin, for injuries arising from her performance at the club as a member of the Dick Judson Orchestra. Wausau subsequently filed a third party complaint against the Orchestra, an Illinois Corporation with its principal place of business in Illinois, and Dick Judson, an Illinois resident (collectively "Judson"), alleging they are partially responsible for Moore's injuries. Judson has filed a motion to dismiss the third party complaint on the grounds that under Wisconsin law a third party may not maintain an action for contribution against an employer arising out of injuries to its employee if the employer makes workers' compensation payments. While not disputing Judson's conclusions about Wisconsin law, Wausau asserts that law to be applied is Illinois', which allows third party contribution actions against employers under Illinois' workers' compensation statute for injuries to their employees. It is the issue of which states law to apply which is at the heart of this dispute.

■ Federal Courts sitting in diversity apply the conflict of laws rules of the forum state. *DeValk Lincoln Mercury v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir.1987). Illinois has adopted the approach of the Restatement (Second) of Conflict of Laws for issues of tort law. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, 595 (1970); *Mech v. Pullman Standard*, 136 Ill.App.3d 939, 92 Ill.Dec. 45, 46, 484 N.E.2d 776, 777 (1984). Both parties are in agreement the Wisconsin law controls on the issue of the tort against Moore. Judson contends that Wisconsin workers' compensation law also controls whether it is immune from suit by third parties, arguing that where the employee files for workers' compensation is merely one factor in determining which state's law to apply to the overall tort. Wausau, pointing out that Moore's claim for workers' compensation benefits is in Illinois, argues that Judson's statutory immunity under workers' compensation law is a separate issue, requiring a separate choice of law analysis.

■ The court finds Wausau's characterization of the issues to be the correct one.

In all choice of law questions Illinois courts follow a tripartite procedure. First the courts isolate the issues involved. Second, they identify the relevant policies embraced in the conflict. Finally, they examine the contacts and determine which jurisdiction has the greater interest in having its policy applied. *Vickrey v. Caterpillar Tractor Co.*, 146 Ill.App.3d 1023, 100 Ill.Dec. 636, 639, 497 N.E.2d 814, 817 (1986). Whether Judson is immune from a claim for contribution by Wausau for Moore's injuries is a distinct issue from Wausau's liability for Moore's injuries, requiring a separate determination of which state's law to apply. *See also* Restatement (Second) of Conflict of Laws § 145 cmt. d (1969) (courts are not bound to decide all issues under local law of a single state).

Wisconsin and Illinois take opposite views of the question of employer immunity from suits for contribution under workers' compensation law, reflecting different philosophies as to who should be responsible for work related injuries to employees. Outwardly, the differences between the two states appear to be largely technical. Wisconsin does not allow third party suits for contribution because its courts have held the sources of workers' compensation liability to be exclusively statutory. Therefore common law tort principles of contribution do not apply. *Mulder v. Acme-Cleveland Corp.*, 95 Wis.2d 173, 290 N.W.2d 276, 278 (1980). In Illinois, employer immunity from suit under workers' compensation is treated as an affirmative defense, so employers are still "subject to liability" under the Contribution Among Tortfeasors Act. *Toomer v. United Resin Adhesives, Inc.*, 652 F.Supp. 219, 223 (N.D.Ill.1986). However, the Illinois Supreme Court has recently held that an employer's contribution to a third party in this situation must be limited to its liability under Illinois' workers' compensation law. *Kotecki v. Cyclops Welding Corp.*, No. 68568, 1991 WL 57336, 1991 Ill Lexis 26, at 16 (April 18, 1991).

However more fundamental differences about spreading the cost of employee injuries exist. Generally, the Wisconsin courts have correctly realized that all worker's

compensation laws are "basically economic regulations by which the legislature as a matter of public policy, has balanced competing social interests." *Mulder*, 290 N.W.2d at 280. Making workers' compensation the exclusive remedy against an employer in Wisconsin reflects a compromise for making employers absolutely liable for employees' work related injuries. *Id.* Illinois, on the other hand, has adopted a policy of spreading losses for employee injuries equitably among all parties contributing to the injury. *Miller v. Long–Airdox Co.*, 914 F.2d 976, 980 (7th Cir.1990), *Vickrey*, 497 N.E.2d at 817. This policy must steer a course between the workers' compensation statutes, and the Contribution Among Tortfeasors Act, which allows an employer to recover contribution from a third party for the amount paid to an employee under workers' compensation. Ill. ann.Stat. ch. 48, para. 138.5(b) (Smith–Hurd 1969). Although allowing an unlimited third party right to contribution would thwart the protections the workers' compensation statute gives to employers, no contribution would result in third parties subsidizing the system in proportion greater than their own fault, and in excess of scheduled awards. *Kotecki*, 1991 WL 57336, 1991 Ill Lexis at 13, *citing Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 257 N.W.2d 679, 684 (1977).

An underlying issue for the court in determining which state's law to apply to the statutory immunity issue is whether and to what extent the place of the employer's workers' compensation coverage should be considered in the court's examination of the contacts. Contacts normally considered by the Illinois courts include the place of injury, place of conduct causing the injury, the domicile, place of incorporation or principal place of business of the parties, and the place where the relationship of the parties is centered. These contacts are evaluated according to their relative importance to the issue presented and the underlying policy factors important to the tort area. *Mech*, 92 Ill.Dec. at 47, 484 N.E.2d at 778; *Vickrey*, 100 Ill.Dec. at 639, 497 N.E.2d at 817. The place of the employer's benefits coverage is never included among the official factors examined by the courts. Further, Illinois presumes that for contribution issues the law of the place of conduct and injury will control, unless another state can demonstrate a more significant relation to the occurrence or the parties. *Mech*, 92 Ill.Dec. at 47-8, 484 N.E.2d at 778-9. The reason for this presumption is that it rarely makes sense to separate apply one state's contribution law to a case involving another state's tort law, since contribution is one of the factors each state analyzes in creating its overall tort law scheme. *Miller*, 914 F.2d at 979.

■ Nevertheless, examination of federal and state Illinois conflicts cases involving contribution claims in the workers' compensation area reveals that the place of the employer's benefits coverage is the single most important factor in determining which state's workers' compensation law to apply. In *Kabak v. Thor Power Tool Co.*, 106 Ill.App.2d 190, 245 N.E.2d 596 (1969), a case decided before Illinois officially adopted the Restatement (Second), the court applied Ohio law to prohibit a third party claim against an Ohio employer where the employer's coverage was in Ohio. The court noted that all contacts, including the place of injury and the underlying tort law, were Ohio's, but also noted that not applying the law of the state where benefits are paid would unjustifiably interfere with that state's workers' compensation system:

> [T]o deny a person the immunity granted him by a workmen's compensation act of a given state would frustrate the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what those costs will be.

*Kabak*, 245 N.E.2d at 599, *citing Elston v. Industrial Lift Truck Co.*, 420 Pa. 97, 216 A.2d 318, 323 (1966); *See also* Restatement (Second) of Conflict of Laws § 6 cmt. g (1969) (unfair and improper to hold person to local law of one state where they justifiably molded conduct to laws of another state).

In *Vickrey*, the court applied Missouri workers' compensation law to prohibit a third party claim against a Missouri employer where the place of injury and the employer's coverage were both in Missouri. The court found a lack of policy concerns in not applying Illinois law, where no Illinois employer was responsible for the employee's injuries and no benefits were recovered pursuant to Illinois workers' compensation statutes. *Vickrey*, 100 Ill.Dec. at 640, 497 N.E.2d at 818. Conversely, the court found that not applying Missouri law would gravely undermine that state's workers' compensation system. *Id.*

Similarly in *Miller* the court decided which state's workers' compensation law to apply on the state where the employer had benefits coverage and the interest of each state in protecting its workers' compensation system. Although the employee's injury in *Miller* occurred in Indiana, Indiana law itself dictated that Illinois law was to apply to the employee's workers' compensation claim, and the employer had coverage in Illinois. *Miller*, 914 F.2d at 979. The court found no interest in protecting Indiana's workers' compensation scheme or Indiana employers because Indiana had no interest in limiting payments made pursuant to another state's workers' compensation system. *Id.*, at 980.

Finally in *Toomer*, the court indicated that the same set of contacts could result in application of either state's workers' compensation law, depending on the place of the employer's coverage and the aspect of the workers' compensation statute in question. *Toomer* involved two conflicts between Illinois and Texas law: whether the state's workers' compensation statute prohibited third party contribution suits, which Texas' did, and whether it prohibited claims for exemplary damages, which Illinois' did. *Toomer*, 652 F.Supp. at 223–24. The place of injury was in Missouri, while the conduct causing the injury occurred in Texas and Illinois, and the parties were located in both states. Texas however, was the place where coverage existed. *Id.*, at 224. The court found that applying Texas law would ensure stability and certainty to Texas' workers' compensation scheme

by not subjecting employers paying benefits under the Texas scheme to unexpected contribution claims. However, the court also indicated that no threat to the stability and certainty of Illinois' scheme existed because no claim for exemplary damages was being made on an employer paying benefits pursuant to Illinois' workers' compensation laws. *Id.* The clear implication of the *Toomer* court was that had the employer's coverage been in Illinois, Illinois law would have applied because expectations about exemplary damages and contribution claims would have been reversed.

In the case at hand, the injury to Moore occurred in Wisconsin, as did any conduct by Wausau or Judson causing Moore's injury. The domicile or principal place of business of Moore and Judson is Illinois, while Wausau's principal place of business is in Wisconsin. Because the events surrounding Moore's injury occurred during a performance by Moore with Judson at The Wausau Club, it is safe to say that the relationship between the parties was centered in Wisconsin. Although these contacts might indicate that Wisconsin law should apply to Wausau's contribution claim against Judson, the fact that Judson has workers' compensation coverage in Illinois and the significance of this factor in Illinois conflicts law means that Illinois workers' compensation law should apply to Wausau's claim for contribution. Consequently, under *Doyle v. Rhodes*, 101 Ill.2d 1, 77 Ill.Dec. 759, 461 N.E.2d 382 (1984) Wausau may maintain an action for contribution against Judson for Judson's partial responsibility for Moore's injuries, regardless of Judson's immunity from direct suit by Moore under Illinois workers' compensation law. However the amount of recovery Wausau may obtain from Judson is limited to Judson's liability to Moore under Illinois' workers' compensation law. *Kotecki*, 1991 Ill Lexis at 16.

For the foregoing reasons, third-party defendants' motion to dismiss defendant's third party complaint is denied.