Vivian **DEMYRICK**, etc., **Plaintiff,**

v.

**GUEST QUARTERS SUITE HOTEL, Defendant.**

**GUEST QUARTERS SUITE HOTEL, Third Party Plaintiff,**

v.

**COOLEYHIGHHARMONY, INC., Third Party Defendant.**

**No. 93 C 1520.**

United States District Court, N.D. Illinois, Eastern Division.

May 3, 1994.

Philip Harnett Corboy Jr. of Corboy & Demetrio, Chicago, IL, for plaintiff.

Simone Asmussen of Cassidy, Schade & Gloor, Chicago, IL, for defendant.

Stephen W. Heil of Williams & Montgomery, Chicago, IL, for third-party defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Third-party defendant CooleyHighHarmony, Inc. ("Cooley") has moved under Fed. R.Civ.P. ("Rule") 56 for summary judgment on the Third–Party Complaint brought against it by defendant Guest Quarters Suite Hotel ("Guest Quarters"). For the reasons stated in this memorandum opinion and order, Cooley's motion is granted and it is dismissed from this action.

This action stems from the death of Rhoderick Roundtree ("Roundtree") while he was a guest at Guest Quarters. Californian Roundtree was employed by Cooley as the road manager for musical group Boyz II Men. Roundtree's personal representative Vivian DeMyrick has sued Guest Quarters for alleged negligence in failing to provide adequate security (Roundtree was shot and killed at the hotel), and Guest Quarters seeks contribution from Cooley.

Cooley's current motion poses no controverted factual issues. What is in dispute between Cooley and Guest Quarters is whether the existence of Roundtree's coverage under the California workers' compensation statute, under which benefits have been and continue to be paid to Roundtree's estate, bars Guest Quarters' third-party claim.

Because the case is in this District Court under its diversity-of-citizenship jurisdiction,[1] Illinois law—importantly including its choice-of-law doctrines—provides the rules of decision (*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir.1987)). In tort actions such as this the Illinois Supreme Court decided nearly a

---

1. DeMyrick originally sued Guest Quarters in the Circuit Court of Cook County, and Guest Quarters timely removed the action to this federal court on diversity grounds.

quarter century ago in *Ingersoll v. Klein,* 46 Ill.2d 42, 45, 262 N.E.2d 593, 595–96 (1970) that the traditional lex loci delicti rule was too inflexible and should be supplanted by the "most significant contacts" approach of what was then Tentative Draft No. 9 of Restatement (Second) of Conflict of Laws ("Restatement") § 379.

■ As this Court has explained in *Vantassell–Matin v. Nelson,* 741 F.Supp. 698, 702–03 (N.D.Ill.1990), Illinois cases since *Ingersoll* have clarified the approach mandated by *Ingersoll* in terms of the more sophisticated process of "interest analysis" (sometimes termed depecage). That process calls for the isolation and individual treatment of the issues in the case, with the interests of the respective states examined in terms of the particular issue under scrutiny. As Restatement § 145 (now the relevant section) explains:[2]

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the State which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

■ In this instance the issue is whether Cooley, which as Roundtree's employer pro-vided him with workers' compensation coverage wherever the performance of his duties might take him (note that Roundtree, as the road manager for a musical group, was by definition required to provide services in many locations), is to be subjected to the laws in effect anywhere that a compensable injury might occur—rather than its liability being governed by the law of the jurisdiction where it provided coverage and where all of the benefits have been paid. In the latter respect Cal.Lab.Code § 3864 (West 1989) specifies:

If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.

And consistently with that provision California case law bars *all* third-party complaints for contribution by a tortfeasor who charges comparative negligence on the part of the employer (*E.B. Wills Co. v. Superior Court of Merced County,* 56 Cal.App.3d 650, 128 Cal.Rptr. 541, 544 (1976)); accord, *Arbaugh v. Procter & Gamble Mfg. Co.,* 80 Cal.App.3d 500, 145 Cal.Rptr. 608, 613 (1978) and *Ralph M. Parsons Co. v. Combustion Equip. Assoc., Inc.,* 172 Cal.App.3d 211, 218 Cal.Rptr. 170, 173 n. 2 (1985).

■ This Court agrees with its colleague Honorable John Nordberg (*Moore v. Wausau Club,* 777 F.Supp. 619, 620–22 (N.D.Ill. 1991)) that under the circumstances presented here California law must control. That is true not only under *Ingersoll* and the "interest analysis" approach now embodied in Restatement § 145 but also under the pre-*Ingersoll* decision in *Kabak v. Thor Power Tool Co.,* 106 Ill.App.2d 190, 196, 245 N.E.2d 596, 599 (1st Dist.1969).[3] Guest Quarters' conten-

---

**2.** It was just a year after *Ingersoll,* in 1971, that the Restatement took final shape.

**3.** Though *Kabak* did speak in lex loci delicti terms, it also leaned most heavily on an earlier case (*Elston v. Industrial Lift Truck Co.,* 420 Pa. 97, 216 A.2d 318, 323 (1966) that had in turn relied on a Restatement provision—then Tentative Draft No. 9 § 403(b), now Restatement § 184—that bars tort recovery against an employer anywhere if the state providing workers' compensation for the employee immunizes the employer against such liability. Although that

tion that the pre-*Moore* decision by our Court of Appeals in *Miller v. Long–Airdox Co.*, 914 F.2d 976 (7th Cir.1990) calls for a different result is unpersuasive—indeed, if anything the factors identified in *Moore* really support Cooley here.[4] Nor has any case cited by Guest Quarters thrust contribution liability onto an employer, which has provided workers' compensation benefits to its injured employee, in the face of a statutory provision that relieves that employee from further liability.[5]

 Restatement § 6, incorporated by reference into Restatement § 145, calls for a balancing of the considerations favoring the application of the law of one state or another in choosing the law applicable to a particular issue. Where as here the Cooley–Roundtree relationship had all of its roots in California (where he and his family were domiciled), and as part of the employment relationship Cooley provided workers' compensation benefits in that state, it would be extraordinarily unfair to alter Cooley's legal responsibilities dramatically because of the purely aleatory circumstance that disaster struck Roundtree while he happened to be in Illinois. Restatement § 6 comment g speaks of the need for "[p]rotection of justified expectations":

> This is an important value in all fields of the law, including choice of law. Generally

speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state.

Like Judge Nordberg in *Moore*, 777 F.Supp. at 621, this Court determines that taking all of the relevant factors into account Illinois courts would hold "the place of the employer's benefits coverage is the single most important factor in determining which state's workers' compensation law to apply" in deciding the issue of the employer's duty to contribute or not to contribute.

### Conclusion

There is no genuine issue of material fact, and Cooley is entitled to a judgment as a matter of law under Rule 56. Guest Quarters' Third–Party Complaint against Cooley is dismissed, and Cooley is accordingly dismissed as a third-party defendant in this action. In accordance with *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir.1986), this Court expressly determines that there is no just reason for delay and expressly directs entry of a final judgment in favor of Cooley and against Guest Quarters.

does not necessarily control on the issue of another tortfeasor's recovery from the employer by way of contribution (see Restatement § 183), it is at least instructive on the issue.

4. *Miller* relied heavily on the fact that Indiana's statutory law (Indiana was the place where the plaintiff employee's injuries had occurred) expressly provided that *Illinois* law should govern both plaintiff's personal injury claim and his workers' compensation claim. That eliminated from the case any consideration of Indiana's "interest in protecting its workers' compensation scheme and protecting employers doing business in Indiana from paying more than Indiana law requires" (914 F.2d at 980). As *Miller, id.* at 980–81 summarized the matter in applying Illinois contribution law instead (as to which law the court had stated earlier at page 980, "Unlike Indiana, Illinois has determined that spreading losses equitably among defendants is more important than protecting the exclusivity of its workers' compensation remedy"):

> Applying Indiana law would not advance any Indiana policy, while at the same time undermining legitimate Illinois policies, and applying Illinois law would advance Illinois' policies while not undermining any Indiana policy.

5. *Vickrey v. Caterpillar Tractor Co.*, 146 Ill.App.3d 1023, 100 Ill.Dec. 636, 497 N.E.2d 814 (4th Dist.1986), cited at Guest Quarters Mem. 5 and 7, applied a provision of Missouri law essentially identical to the California law prohibiting employer liability in such situations—as *Vickrey, id.* at 1026, 100 Ill.Dec. at 639, 497 N.E.2d at 817 described Missouri law (note the striking parallel to the description of Indiana law in *Miller*, as quoted in n. 4):

> Missouri policy balances the conflict between equitable principles of contribution and immunity as provided in its workers' compensation statutes in favor of protecting employers under the workers' compensation system.

In looking to Missouri law, *Vickrey* rejected the "Illinois policy resolv[ing] the competing statutory interests in favor of contribution between its domiciliaries who jointly contribute to an employee's injuries," despite the argument that Illinois contacts with the litigation called for the application of Illinois law.