Willie OLIVARES, Plaintiff–Appellant,

v.

CHARAN MOTEL, INC., et al, Defendants–Appellees.

No. 00–3628.

United States Court of Appeals, Seventh Circuit.

Argued May 7, 2001.

Decided Jan. 31, 2002.

Before FLAUM, Chief Judge, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Plaintiff Willie Olivares spent the night of December 16, 1997 at the Gray Plaza Motel in Benton, Illinois, while traveling from Tyler, Texas, to South Bend, Indiana. When he woke up the next morning, he noticed a small red mark on his foot but felt no pain or discomfort. He checked out of the motel and continued to drive to Indiana. Along the way, he became ill, suffering from a fever, nausea, and chills. He also noticed a red streak going up his leg. When he arrived in South Bend, he went to a doctor and was diagnosed with superficial thrombophlebitis, a vein inflammation resulting from a blood clot. He was hospitalized for five days.

On December 10, 1999, Olivares filed this negligence suit against the owner and operators of the Gray Plaza Motel, invoking the diversity jurisdiction of the federal district court. He alleged that his illness resulted from a spider bite he received while staying at the motel, and he claimed that his damages for loss of wages, pain and suffering, and medical bills exceeded $50,000. On September 8, 2000, the district court granted summary judgment for the defendants, finding that Olivares had failed to provide any evidence to support his contention that his injury resulted from the defendants' negligence. Olivares now appeals and we affirm.

As a first step, we must determine if the district court even had jurisdiction to consider Olivares's claims. The parties are diverse: Olivares is a citizen of Texas while all of the individual defendants are citizens of Illinois and the corporate defendant has its principal place of business and is incorporated in Illinois. The problem is with the amount in controversy. Both the original complaint and the first and second amended complaints alleged that the amount exceeded only $50,000. On October 19, 1996, however, 28 U.S.C. § 1332 was amended to require an amount in excess of $75,000; the effective date of that amendment was 90 days later, or January 17, 1997 (long before this complaint was filed). The district court failed to notice this potentially fatal problem, but at oral argument, we questioned plaintiff's counsel about the jurisdictional amount. She conceded that she had erred in the complaint, but alleged that she could, in good faith, amend the complaint to allege $75,000 in damages. We asked for supplemental briefing from both parties and gave Olivares one last chance to file a proper amended complaint.

In his supplemental brief, Olivares alleged that the cost of his hospitalization and other medical care made necessary by the alleged spider bite, as well as damages for loss of pleasures of life and wages, exceeds $75,000. We recognize that 28 U.S.C. § 1653 allows a party to correct a defective statement about jurisdiction that actually exists, *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831–32, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), and Olivares's counsel seems to have made a mistake about what she had to plead, not about the underlying facts. Furthermore, the defendants do not contest the facts underlying Olivares's allegations about the amount in controversy. Because it does not appear to a legal certainty that Olivares *cannot* meet the statutory amount,

see *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938), we grant Olivares's request for leave to file the amended complaint he proffered to this court, which properly alleges an amount in controversy that exceeds $75,000.

Even though this is a diversity case, the question whether summary judgment was proper is one to be decided under a federal standard. We review a grant of summary judgment *de novo*. *Doe v. Howe Military School*, 227 F.3d 981, 990 (7th Cir.2000). We must ascertain whether the record on summary judgment, construed in the light most favorable to Olivares, presents a genuine issue of material fact. If there is no such factual dispute, we can proceed to decide whether the defendants are entitled to judgment as a matter of law.

Although we use federal procedural standards, we apply the law of Illinois to decide the substantive issues presented here. *Smith v. Equitable Life Assurance Soc'y of the United States*, 67 F.3d 611, 615 (7th Cir.1995). In deciding choice-of-law questions in tort cases, Illinois courts follow the Restatement (Second) of Conflict of Laws and use a most-significant-contacts approach. *Wreglesworth v. Arctco, Inc.*, 316 Ill.App.3d 1023, 250 Ill.Dec. 495, 738 N.E.2d 964, 971 (2000). As is the case here, this approach usually guides Illinois courts to apply the law of the place of injury—in this case, Illinois, when deciding tort cases. *Vickrey v. Caterpillar Tractor Co.*, 146 Ill.App.3d 1023, 100 Ill. Dec. 636, 497 N.E.2d 814, 816 (1986).

In Illinois, a negligence plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injuries. See *Espinoza v. Elgin, Joliet & E. Ry. Co.*, 165 Ill.2d 107, 208 Ill.Dec. 662, 649 N.E.2d 1323, 1326 (1995). The district court found that the plaintiff

had not provided sufficient evidence from which a jury could find in his favor on the third element—proximate cause. While the issue of the existence of proximate cause is often determined by the trier of fact, summary judgment is proper under Fed.R.Civ.P. 56 when "the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Rivera v. Grossinger Autoplex*, 274 F.3d 1118, 1121 (7th Cir.2001). In making this evaluation, the court is to take the facts in the light most favorable to the non-moving party. See *Hedrich v. Board of Regents of the University of Wisconsin*, 274 F.3d 1174, 1177 (7th Cir.2001).

Olivares argues that all he needs to establish to survive summary judgment is the possibility, however small, that he was bitten by a spider while staying at the motel and the possibility, however small, that the spider bite caused his injuries. Furthermore, he contends he has done this by simply offering his own non-medical testimony that he saw a red spot on his foot when he woke up in the motel, that he believed he was bitten and that, a few hours after he left the motel, he began feeling a burning sensation up his leg. But this is plainly wrong. Under Rule 56, it was Olivares's burden to put before the district court concrete evidence that demonstrates the existence of a genuine issue of fact with respect to causation; speculation or remote possibilities will not do. *Jenkins v. Heintz*, 124 F.3d 824, 831 (7th Cir.1997); *Avery v. Mapco Gas Prods., Inc.*, 18 F.3d 448, 453–54 (7th Cir.1994). Specifically, Olivares had to offer something better than his own guess that a spider might have bitten him and caused his later injuries. His medical records do not do the job: he was diagnosed with superficial thrombophlebitis but no doctor has ever asserted that the illness resulted even from an insect bite generically. Additionally, Olivares did not feel the bite,

nor did he or his wife see any spiders while he was in the motel room. Furthermore, Olivares had been traveling the entire day and, undoubtedly, left his car at least once to fill it with gas or to use the restroom. He has no way of rejecting any of these locations as the source of the alleged bite. Nothing but the purest of speculation would lead one to conclude that he was bitten by a spider while at the motel.

Looking at all of the evidence that Mr. Olivares presented both before and after the defendants moved for summary judgment, we conclude that a reasonable jury could not find to a reasonable certainty that the defendants' negligence was the proximate cause of his injuries. We therefore AFFIRM the district court's grant of summary judgment for the defendants.