RONALD F. PILON, Plaintiff, *v.* GEORGE A. JOHNSON & SON, Defendant and Third-Party Plaintiff-Appellant (Lockport Plastering Company, Third-Party Defendant-Appellee).

Third District    No. 3—83—0807

Opinion filed July 6, 1984.

Roger D. Rickmon, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

John C. Bartler, of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant and third-party plaintiff George A. Johnson & Son appeal from an order of the Will County circuit court dismissing count I of its third-party complaint against Lockport Plastering Company. We affirm.

Plaintiff, Ronald F. Pilon, filed a one-count complaint against Johnson, alleging that he had been injured on March 20, 1982, at a construction site where Johnson was the general contractor. Pilon's complaint was based on Johnson's allegedly wilful violation of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69). Johnson filed a third-party complaint in three counts against Lockport, Pilon's employer and a subcontractor of Johnson. Count I alleged a right to indemnification arising out of a contract between Johnson and Lockport. Counts II and III alleged implied indemnity and contribution respectively.

The circuit court based its dismissal of count I on section 1 of

"An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1981, ch. 29, par. 61), which provides:

"With respect to contracts or agreements, either public or private, for the construction *** or maintenance of a building *** every covenant, promise or agreement to indemnify or hold or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

Article 12 of the subcontract between Johnson and Lockport provides, in relevant part:

"*** The Subcontractor will indemnify and save harmless the *** General Contractor from and against any and all claims, costs, damages and demands resulting from injuries or death or damage to property alleged to have arisen out of a breach or violation of the Illinois Structural Work Act as a result of or connected with the performance of work by the Subcontractor. The Subcontractor will defend, at his own expense, any actions based thereon and shall pay all charges or attorneys and all costs and other expenses arising therefrom."

The only supreme court case addressing the statute in question is *Davis v. Commonwealth Edison* (1975), 61 Ill. 2d 494, 336 N.E.2d 881. There, an architect charged with a violation of the Structural Work Act attempted to assert contractual indemnity against the general contractor. The significant holding of *Davis* is that the statute renders such contracts unenforceable in the Structural Work Act context. This interpretation was based on prior cases which held that "willful violation" of the Structural Work Act included conduct which amounts to negligence on the part of defendants. *Juliano v. Oravec* (1973), 53 Ill. 2d 566, 297 N.E.2d 893.

Johnson relies heavily on *Schuch v. University of Chicago* (1980), 87 Ill. App. 3d 856, 410 N.E.2d 258, which held that if the contract did not clearly and unequivocally shift liability for one's own negligence to another, then the contractual indemnity would not be enforced, thereby rendering the statute inapplicable. However valid this reasoning may be, it cannot apply to the instant case. Whatever else the subcontract means, it is manifestly clear that Lockport must indemnify Johnson against any and all claims arising under the Structural Work Act if a Lockport employee is injured. It is equally clear that cases like *Juliano* stand for the proposition that Johnson can only be found liable to a subcontractor's employee under the Act for some form of culpable conduct. The attempt to pass this liability on via contractual indemnity falls squarely within the language of section

1 of "An Act in relation to indemnity in certain contracts (Ill. Rev. Stat. 1981, ch. 29, par. 61) as construed by *Davis*.

Therefore, the decision of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.