JARVIS, PLAINTIFF, *v.* ASHLAND OIL, INC., APPELLANT; UNION BOILER COMPANY, APPELLEE.

[Cite as Jarvis *v.* Ashland Oil, Inc. (1985), 17 Ohio St. 3d 189.]

(No. 84-1280—Decided June 5, 1985.)

*Casimir T. Adulewicz,* for plaintiff Arthur R. Jarvis.
*Allan Sherry* and *Gary W. Smith,* for appellant.
*Joseph J. Bruzzese, Sr.,* for appellee Union Boiler Company.

DOUGLAS, J. This case, at first blush, appears to present us with a classic conflict of laws question. Upon further examination, however, it is clear that the resolution of the question presented to us for review is neither complicated nor difficult.

To summarize, Ashland is a Kentucky corporation; Union is a West Virginia corporation. Arthur R. Jarvis, plaintiff below, is an Ohio resident who was injured while working for Union on an Ashland job in the state of New York. The principal parties to this appeal, Ashland and Union, had entered into a contract and agreed in explicit terms that the laws of Kentucky would govern the legal relationship of the parties. Thus, the question arises as to how this contract affects the suit of Jarvis in an Ohio court when one of the major provisions of the contract (indemnity) is con-

cededly against the public policy of this state (see R.C. 2305.31), but is perfectly valid under the law of Kentucky.

The answer is that for purposes of this appeal between these two parties, Jarvis has no direct interest. This court recognizes the desirability of protecting the rights and needs of Ohio citizens and we do not treat that responsibility lightly. However, under these circumstances we are called upon to determine whether Ohio law applies when the clear language of the contract between the real parties in interest, Ashland and Union, sets forth that law other than that of Ohio will apply to the legal relationship of the parties.

In *Schulke Radio Productions, Ltd.* v. *Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436, this court held that:

"The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless [1] either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or [2] application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties."

Thus, *Schulke* presents a two-pronged test for determining whether the law of the chosen state will be applied. Under the first prong quoted above, the law chosen by the parties was that of Kentucky. That state, being the state of incorporation and principal place of business of Ashland, clearly has a substantial relationship to the parties. See Comment *f* to Section 187 of the Restatement of Conflicts, *supra,* at 567.

As to the second prong, Union argues that Ohio follows the Restatement of Law 2d, Conflict of Laws (1971) 561, Section 187, which provides in pertinent part that:

"(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, * * * unless * * * (b) application of the law of the chosen state would be contrary to a fundamental policy of a state *which has a materially greater interest than the chosen state* in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." (Emphasis added.)

Union is correct that this court in *Schulke, supra,* adopted the Restatement rule with regard to which forum's law should be applied in cases of conflict, but application of the Restatement rule does not support Union's position. First and foremost, the parties have made an effective choice of the law to be applied. "Miscellaneous" clause fifteen, *supra.* Next, and even more persuasively, Ohio clearly does not have a *materially greater* interest in the matter than does the chosen state, Kentucky.

This court understands and respects the position of Ohio resident, plaintiff Jarvis. The contract in question, however, is not a contract to

which Jarvis is a party. Appellee Union, a party to the contract, would have the court rewrite an agreement that it (Union) and Ashland entered into freely. We are asked by Union to summarily brush aside the clear and unambiguous terms of the parties' contract which, we must assume, was executed by both parties without misunderstanding. This court or any court should only consider such a proposed course of action in the same context as when a legislative enactment is sought to be invalidated. It is fundamental to our commercial intercourse that parties have the right to contract freely with the full expectation that their bargain will be permitted to endure according to the terms agreed upon. Any rule of law which would sanction the renunciation of an otherwise valid, voluntary agreement would lead to instability in all of our personal and business contractual relationships and assure multifarious litigation. *Contractus legem ex conventione accipiunt.* Therefore, it is our conclusion that the argument of Union that Ohio law should apply is not well-taken.[1]

We hold that where the parties to a contract have made an effective choice of the forum law to be applied, the Restatement of the Law 2d, Conflict of Laws (1971) 561, Section 187(2), will not be applied to contravene the choice of the parties as to the applicable law.

We further hold that where the law of the chosen state sought to be applied is concededly repugnant to and in violation of the public policy of this state, the law of Ohio will only be applied when it can be shown that this state has a materially greater interest than the chosen state in the determination of the particular issue.

Accordingly, the judgment of the court of appeals is reversed and this cause is remanded to the court of common pleas for further proceedings not inconsistent with this opinion.

*Judgment reversed,*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

---

[1] The question might also arise as to whether the law of New York, the place of performance of the contract, might apply. We, of course, do not decide this issue as the sole question before us is whether the law of Ohio is applicable.