WAYNE DONALDSON, Plaintiff, v. FLUOR ENGINEERS, INC., *et al.*, Defendants and Third–Party Plaintiffs-Appellants (Scaffolding Rental & Erection Service, Inc., Third–Party Defendant-Appellee).

First District (2nd Division)   No. 87—1438

Opinion filed May 3, 1988.

Hedberg, Tobin, Flaherty & Whalen, of Chicago (William T. Coleman, of counsel), for appellants.

Miller & Meihofer, of Chicago (Sam L. Miller, David H. Schroeder, and Michael W. Rathsack, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff brought this action against the Fluor Company (Fluor)

and Union Oil Company of California (Union Oil) to recover for injuries he sustained on April 19, 1985, while working on a Union Oil plant in Lemont, Illinois. Fluor, the contractor, and Union Oil, the owner, filed a third-party complaint against plaintiff's employer, Scaffolding Rental & Erection Service, Inc. (Scaffolding), seeking express and implied indemnity and contribution. The trial court granted summary judgment against Fluor and Union Oil on the indemnity counts of the third-party complaint and found no just reason to delay enforcement or appeal of its order. (107 Ill. 2d R. 304(a).) On appeal, Fluor and Union Oil contend that an express indemnity clause in the contract between Fluor and Scaffolding should be enforced because the parties agreed that the contract would be controlled by California law, California law would recognize the indemnity agreement, and the agreement is not contrary to "fundamental" Illinois public policy.

Plaintiff's complaint sought recovery on the basis of common law negligence and the defendants' violation of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). According to the complaint, defendants were in charge of the construction and alteration of a building located at the Union Oil plant in Lemont, and plaintiff was employed by Scaffolding. The third-party complaint was based on express indemnity, implied indemnity, and contribution. Only count I, based on express indemnity by virtue of the written agreement, is at issue on this appeal.

Scaffolding's motion for summary judgment was based on section 1 of "An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1981, ch. 29, par. 61) (hereafter Indemnity Act), which provides:

> "With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway, bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

Fluor and Union Oil responded that Fluor is a Delaware corporation with its offices in Irvine, California, and Union Oil was a California corporation. After Union Oil and Fluor had entered into a construction contract, Fluor entered into a written subcontract with Scaffolding on April 15, 1985. Scaffolding is a Louisiana corporation with its home office in Baton Rouge, Louisiana. The contract was for scaffold assembly, erection and installation at Union Oil's construction project in Lockport, Illinois. The contract between Scaffolding and

Fluor provided that the contract was subject to the laws and jurisdiction of the State of California. Scaffolding also agreed to indemnify and hold Fluor, the owner and affiliated companies, such as contractors, harmless for any claim on account of injury to a person including Scaffolding's employees. Because of the parties' agreement Fluor and Union Oil maintained that California and not Illinois law should govern the issue of whether the indemnity provisions of the contract were valid, and furthermore, that California law (Cal. Civil Code §2782(a) (Deering 1986)) established a duty to the indemnitor to hold the indemnitee harmless, except when the injuries were due to the indemnitee's sole negligence or wilful misconduct.

After hearing argument, the trial court ruled that, as set forth specifically in the indemnity statute, the indemnity provision of the agreement was against Illinois public policy. Therefore, the court concluded that the parties' choice of California law to govern the agreement was not controlling in this respect.

■■ ■ Fluor and Union Oil argue that parties to a contract can select the law concerning construction of a contract except where application of the law of the chosen State conflicts with a fundamental public policy of the State in which the contract is to be enforced. (*Potomac Leasing Co. v. Chuck's Pub, Inc.* (1987), 156 Ill. App. 3d 755, 758-59, 509 N.E.2d 751.) Moreover, the public policy considerations must be strong and of a fundamental nature to justify overriding the chosen law of the parties. (156 Ill. App. 3d at 759.) In this case, the indemnity statute speaks in very explicit terms when it provides that an agreement to indemnify or hold harmless another person from that person's own negligence "is void as against public policy and wholly unenforceable." (Ill. Rev. Stat. 1985, ch. 29, par. 61.) In *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 336 N.E.2d 881, the supreme court applied this statute to an action brought under the Structural Work Act. The court commented that prior to the enactment of the statute agreements indemnifying one against one's own negligent conduct had been judicially interpreted as not against public policy. The court concluded that the legislature could, nonetheless, declare such agreements contrary to public policy since the public policy of a State is to be found in its constitution and statutes and, where these are silent, in its judicial decisions. 61 Ill. 2d at 496-97.

Indemnity agreements contrary to the indemnity statute have been struck down in *Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 484 N.E.2d 542, *Hibbler v. Ockerlund Construction Co.* (1985), 130 Ill. App. 3d 30, 473 N.E.2d 597, *Pilon v. George A. Johnson & Son* (1984), 125 Ill. App. 3d 590, 466 N.E.2d 360, and

*Cox v. Lumbermens Mutual Casualty Co.* (1982), 108 Ill. App. 3d 643, 439 N.E.2d 126. None of these cases, however, involved foreign domiciliaries who had chosen the law of another State to govern their agreement. The words contained in the indemnity statute, as interpreted in these subsequent decisions, establish that indemnity agreements are contrary to and violative of the public policy of Illinois. The court in *Potomac Leasing Co. v. Chuck's Pub, Inc.*, while refusing to invalidate a choice of Michigan law to govern a commercial lease claimed to be in violation of the notice of cancellation requirement of the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262B), stated that a choice of law provision in a contract will not be given effect if it is contrary to the public policy of Illinois. *Potomac Leasing Co.*, 156 Ill. App. 3d at 758-59.

Citing section 187 of the Restatement (Second) of Conflict of Laws, Fluor and Union Oil argue the choice of law of the parties should govern unless the law of the chosen State is contrary to a *fundamental* policy of the State having a greater interest than the chosen State (Restatement (Second) of Conflict of Laws §187 (1971)), and that under section 187 the parties' choice of California law should govern because indemnity agreements are not contrary to the "fundamental" public policy of Illinois. The Restatement has been used by Illinois courts in helping to resolve conflict-of-law situations. (*Nelson v. Hix* (1988), 122 Ill. 2d 343.) Section 187 of the Restatement, set out below, provides that the parties' choice of law should govern unless (a) the chosen State has no substantial relationship to the parties or the transaction or (b) application of the law of the chosen State would be contrary to a fundamental policy of a State with a materially greater interest:

"(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be con-

trary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of §188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law." (Restatement (Second) of Conflict of Laws §187 (1971).)

Third-party plaintiffs cite *Jarvis v. Ashland Oil, Inc.* (1985), 17 Ohio St. 3d 189, 478 N.E.2d 786, where the Ohio court allowed Kentucky law chosen by the parties to govern despite the countervailing public policy of the Ohio indemnity statute. The court held that where the parties have made an effective choice of forum law to be applied, section 187(2) of the Restatement will not be applied to contravene the choice of the parties as to the applicable law, and that if the law in the chosen State is repugnant to Ohio public policy, Ohio law will be applied when it can be shown that Ohio has a materially greater interest than the chosen State in the determination of the particular issue. Jarvis, an Ohio resident, was injured in New York while working for a West Virginia corporation operating under contract with the owner, a Kentucky corporation. In this case, it is unclear if the contract was executed in Illinois, but we note that plaintiff resides here and was injured here, and although the third-party plaintiffs are foreign domiciliaries with connections to California, they contracted for work to be done in Illinois.

Fluor and Union Oil argue that in *Champagnie v. W. E. O'Neil Construction Co.* (1979), 77 Ill. App. 3d 136, 395 N.E.2d 990, the court held that the indemnity statute did not represent a strong or fundamental public policy of Illinois. The court there found Illinois law should be applied to void an indemnity agreement, where the contract was to be performed in Wisconsin, the injury occurred in Wisconsin, but all the parties were domiciled in and residents of Illinois, where the contract was negotiated and entered into, and where suit was filed. The court, however, declined to reach this result by applying the "public policy doctrine," which it noted had been criticized and could produce an unjust result. Applying instead the "most significant contracts" test, the court found Illinois had the greater interest in the outcome of the case because one of the residents whom the statute was designed to protect was injured, the parties to this appeal were residents of Illinois engaged in activities the statute was designed to affect and application of Illinois law would not diminish or undermine any policy interest of Wisconsin. (77 Ill. App. 3d at 145-46.) Implicit

in this decision, it is said, is that if Wisconsin law applied, the indemnity clause would have been enforced because the Illinois indemnity statute did not create a strong or fundamental policy and the court stated that the concept of indemnity cannot be said to violate fundamental principles of justice. 77 Ill. App. 3d at 143.

But it is clear that the agreement here is against Illinois public policy and we cannot agree that the term "contrary to a fundamental policy of a state" (Restatement (Second) of Conflict of Laws §187(2)(b) (1971)) is different, for purposes of conflict of laws, than the term "against public policy" as used in the indemnity statute or "contrary to the public policy" used in *Davis v. Commonwealth Edison Co.* (61 Ill. 2d at 496-97). The trial court was correct in finding the indemnity provision in the contract violated Illinois public policy and is unenforceable in Illinois. Moreover, the comments to section 187 attempt in a general way to articulate what is meant by "fundamental" and explain that an important consideration is the extent to which the significant contacts are grouped in this State and that the policy must be a substantial one. (Restatement (Second) of Conflict of Laws §187, comment 9, at 567-69 (1971).) The action of our legislature in superseding judicial acceptance of certain indemnity agreements and the subsequent court decisions voiding agreements under the indemnity statute show the policy expressed is a substantial one and the contacts to Illinois in this case are significant. We consider the trial court's action is consonant with the principles expressed in section 187.

Having reached this conclusion, we find it unnecessary to determine whether the contract provision here is enforceable under California law.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS* and BILANDIC, JJ., concur.

---

*Judge Stamos participated in the decision of this case prior to taking office as a supreme court judge.