AUTO-OWNERS INSURANCE COMPANY, APPELLANT, *v.* MCMAHON, APPELLEE.

(No. L-87-258 — Decided May 6, 1988.)

*Robert J. Bahret* and *Brian Kerns,* for appellant.
*Manahan, Pietrykowski & Banman* and *Michael J. Manahan,* for appellee.

*Per Curiam.* This appeal comes before the court from a judgment of the Lucas County Court of Common Pleas. The issue to be determined is whether the substantive law of Ohio or Michigan should be applied to settle this controversy.

The trial court found that an automobile accident occurred in Toledo, Ohio, on July 28, 1983, involving Thomas Hilyard, appellant's insured, and Tamela J. McMahon, appellee. The drivers of both automobiles were, and continue to be, Michigan residents. Both cars were registered in Michigan by Michigan owners. Appellant, Auto-Owners Insurance Company, is a Michigan corporation which also does business in Ohio. At the time of the accident, Hilyard was acting within the scope of his employment for a Michigan company.

Hilyard has filed suit in Michigan for personal injuries sustained in the collision. In addition, Hilyard was paid compensation and medical benefits by appellant. Appellant now seeks reimbursement from appellee for the benefits which were paid to Hilyard.

Under the Michigan no-fault insurance program, appellant's claim would be barred. However, under Ohio law, appellant would be able to seek reimbursement for the benefits paid to its insured.

In a well-reasoned opinion, the trial court found that Michigan law should control inasmuch as Michigan's governmental interests outweigh Ohio's interests and therefore Michigan has the most significant relationship to the determination of the case. The court therefore granted partial summary judgment in appellee's favor, finding that Michigan's substantive law controlled in this case.

Appellant brings this appeal from the above-mentioned order dated March 10, 1987, and asserts the following sole assignment of error:

"The trial court erred in granting partial summary judgment declaring that the substantive law of the state of Michigan would control this controversy and would be applied to determine the merits of plaintiff/appellant's claim against defendant/appellee."

Appellant agrees with the court below that under 1 Restatement of the Law 2d, Conflict of Laws (1971), Sections 6, 145 and 146, the law of the place of injury is presumed to control unless another state has a more significant relationship to the controversy. However, appellant contends that application of Michigan law would be repugnant to the legislative policies of this state to insure that its traffic and safety rules are obeyed and to advance Ohio tort law. In addition, appellant contends that the governmental interests of this state, where the accident occurred and where the suit was brought, outweigh any interest of the state of Michigan. In the alternative, appellant asserts that the court must consider, above and beyond which state has the most compelling interest to be advanced, whether it would be equitable and just to apply that state's law. Appellant asserts in connection with this argument that it would be inequitable to cut off its ability to bring this suit.

In the past, Ohio courts have followed the traditional rule of *lex loci delicti* in tort conflict of laws cases. *Ellis* v. *Garwood* (1958), 168 Ohio St. 241, 6 O.O. 2d 22, 152 N.E. 2d 100. In more recent times, the Ohio Supreme Court made an attempt to break away from this rigid rule to avoid inequitable results. *Fox* v. *Morrison Motor Freight* (1971), 25 Ohio St. 2d 193, 54 O.O. 2d 301, 267 N.E. 2d 405; *Schiltz* v. *Meyer* (1972), 29 Ohio St. 2d 169, 58 O.O. 2d 391, 280 N.E. 2d 925. Finally, in 1984, the Ohio Supreme Court decisively set forth the controlling doctrine to be applied in these cases to alleviate the confusion created by its decision in *Fox* v. *Morrison Motor Freight, supra*. It was in *Morgan* v. *Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, 15 OBR 463, 474 N.E. 2d 286, that the court expressly adopted the approach taken by the Restatement of the Law 2d, Conflicts.

The court in *Morgan* v. *Biro Mfg. Co., supra,* succinctly set forth the framework for application of the Restatement approach:

"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation. All of these factors are to be evaluated according to their relative importance to the case." (Footnotes omitted.) *Id.* at 342, 15 OBR at 465-466, 474 N.E. 2d at 289.

Even where applying the law of another state would be repugnant to the public policy of Ohio, Ohio law will not be applied unless Ohio has a significantly greater interest in having its law applied. *Sekeres* v. *Arbaugh* (1987), 31 Ohio St. 3d 24, 26, 31 OBR 75, 76-77, 508 N.E. 2d 941, 943, and *Jarvis* v. *Ashland Oil, Inc.* (1985), 17 Ohio St. 3d 189, 17 OBR 427, 478 N.E. 2d 786, paragraph two of the syllabus. The interest-analysis approach, therefore, clearly mandates application of these principles on a case-by-case basis to avoid unjust results. See *Morgan* v. *Biro Mfg. Co., supra,* at 340, 15 OBR at 464, 474 N.E. 2d at 287.

Therefore, we begin our review of the case *sub judice* by presuming that Ohio law should control since the accident occurred here. However, we must also assess the contacts with each state to determine whether Michigan has a more significant interest in having its law applied.

Other than being the situs of the accident, Ohio's only contact with this case is that it is the forum state. Ohio seeks to have its law apply because it has an interest in controlling the conduct of drivers who use its highways.

Michigan, on the other hand, is the place of residence for both the defendant, plaintiff, and the plaintiff's insured, Thomas Hilyard. The insurance contract was executed in Michigan. Hilyard worked in Michigan for a Michigan corporation and was acting within the scope of his employment when he was involved in the accident. Hilyard was compensated pursuant to Michigan's workers' compensation and no-fault insurance statutes. In addition, Michigan's interest in having its law apply is to perpetuate its no-fault insurance program in order to provide adequate and prompt compensation for parties injured in accidents, along with reducing excessive litigation regarding accident cases. See *Sexton* v. *Ryder Truck Rental, Inc.* (1982), 413 Mich. 406, 320 N.W. 2d 843.

Since application of either state's law will frustrate advancement of the interest of the other state, a true conflict between the laws exists. However, we find that the quantity and quality of contacts with the state of Michigan result in Michigan's having a significantly greater interest in having its law applied. Thus, the balance weighs more heavily in favor of application of Michigan's law under the circumstances of this case.

Appellant asserts that this result is inequitable and unjust because it will result in dismissal of its suit. However, we find that it would be inequitable and

unjust to permit appellant to escape the no-fault insurance system developed under Michigan law on the mere basis that the accident occurred in Ohio.

In light of the above, we find appellant's sole assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App. R. 24, the court orders appellant to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.