JOSEPH PETTIE, Plaintiff, v. WILLIAMS BROTHERS CONSTRUC-TION, INC., Defendant and Third-Party Plaintiff-Appellant (Otto Baum and Sons, Inc., Third-Party Defendant-Appellee).

Second District   No. 2—91—1026

Opinion filed March 12, 1992.

Richard K. Hunsaker, of Heyl, Royster, Voelker & Allen, of Rockford, for appellant.

Scott C. Sullivan and Stephen E. Balogh, both of Williams & McCarthy, P.C., of Rockford, and R. Wayne Harvey, of Harvey & Stuckel, Chartered, of Peoria, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant and third-party plaintiff, Williams Brothers Construction, Inc. (Williams Brothers), appeals from the trial court's order of October 5, 1990, dismissing its third-party complaint which was premised upon an express indemnity agreement between Williams Brothers and third-party defendant, Otto Baum & Sons, Inc. (Otto Baum). We affirm.

On April 6, 1987, plaintiff, Joseph Pettie, filed a two-count personal injury complaint against Williams Brothers, alleging a violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 et seq.) in count I and negligence in count II. At the time of the accident in October 1985, plaintiff was employed by Otto Baum, a subcontractor of Williams Brothers. Plaintiff alleged that he fell from unguarded scaffolding while performing his work. There is no indication in the record that Otto Baum was ever made a defendant in the original cause filed by the plaintiff.

About 1½ years after the action was filed, plaintiff and Otto Baum reached a settlement and jointly petitioned the trial court for a finding pursuant to the Contribution Act (Ill. Rev. Stat. 1987, ch.

70, par. 301 *et seq.*) that their settlement was in good faith. The trial court entered an order finding that the settlement between plaintiff and Otto Baum was fair and reasonable, in good faith, and that any claim the defendant and all other joint tort-feasors may have against Otto Baum, whether asserting a right of contribution or under common law or a right of *implied* indemnity, was extinguished. This court affirmed that judgment in *Pettie v. Williams Brothers Construction, Inc.* (1990), 194 Ill. App. 3d 1114 (unpublished order under Supreme Court Rule 23).

Subsequently, on January 18, 1990, Williams Brothers successfully obtained leave of the trial court to file a third-party complaint against Otto Baum. Williams Brothers premised its third-party complaint against Otto Baum on an express indemnity agreement on the reverse side of defendant's purchase order which states in pertinent part:

> "Subcontractor agrees to observe and comply with all applicable federal, state and local safety rules and regulations, including, but not limited to the Federal Occupational Safety and Health Act. Subcontractor agrees to indemnify and hold harmless Contractor of and from any loss, including but not limited to any fines and penalties and the cost of any corrective measures, which Contractor may sustain by reason of Subcontractor's failure to comply with said laws, rules and regulations."

On March 30, 1990, Otto Baum filed its motion to dismiss Williams Brothers' third-party complaint, asserting that Williams Brothers had been sued for its own violations of the Structural Work Act and its own negligence; none of the pleadings contained any allegation that plaintiff's injuries resulted from a failure by Otto Baum to comply with any law, rule or regulation. Otto Baum argued that, since plaintiff had not alleged that Otto Baum was in any way at fault, then, pursuant to section 1 of "An Act in relation to indemnity in certain contracts" (Indemnity Act) (Ill. Rev. Stat. 1987, ch. 29, par. 61), the indemnification agreement was void as against public policy and was wholly unenforceable. Alternatively, Otto Baum argued that the indemnity agreement was inapplicable because Williams Brothers was being sued as the result of its own alleged fault and not as the result of Otto Baum's fault.

The trial court agreed with Otto Baum that construing the indemnity provision so as to require Otto Baum to indemnify Williams Brothers would violate the Indemnity Act. In its order of October 5, 1990, dismissing the third-party complaint, the court found

that the Indemnity Act renders void contractual provisions that hold subcontractors liable for injuries incurred as a result of the general contractor's negligence or of its violation of the Structural Work Act. The court relied on *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, and *Hibbler v. Ockerlund Construction Co.* (1985), 130 Ill. App. 3d 30.

Williams Brothers filed a motion to reconsider which was denied; its initial appeal from that order in this court was dismissed for failure to obtain the requisite finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d 304(a)); it returned to the trial court and, on August 1, 1991, successfully obtained the entry of an amended order pursuant to the rule, and a timely notice of appeal was filed.

Relying on *Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, Williams Brothers argues that the trial court erred in dismissing its third-party complaint and in ruling that the express indemnity clause on which the complaint was based was void as against public policy under the Indemnity Act. Section 1 of the Indemnity Act states:

> "With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition, or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." Ill. Rev. Stat. 1985, ch. 29, par. 61.

To thwart attempts to avoid the liability for one's own acts and to insure a continuing motivation for persons responsible for construction activities to take accident-prevention measures, the Indemnity Act voids, as against public policy, indemnification provisions in construction contracts which relieve a party from liability for his own negligence. (*Bosio v. Branigar Organization, Inc.* (1987), 154 Ill. App. 3d 611, 613.) There is no question that the present contract involves construction and that the cause of action is within the purview of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*). In turn, Structural Work Act cases are within the reach of the Indemnity Act. (*Davis*, 61 Ill. 2d at 502.) This court has previously taken notice of our supreme court's statement of policy found in *Davis* that the Indemnity Act serves to protect the construction worker and the general public from suffering

construction-related injuries by encouraging accident-prevention measures. (*Bosio*, 154 Ill. App. 3d at 613.) This legislation appears to have been in response to the widespread use of indemnification agreements in the construction industry which may have removed or reduced the incentives to protect workers and others from injury by permitting those who have charge of the work to shift their liability to others by contractor's agreement. *Davis*, 61 Ill. 2d at 499.

In the instant case, defendant, Williams Brothers, has been sued for its *own* negligence and violation of the Structural Work Act. However, said defendant urges a construction of the indemnity agreement which, at first blush, does not appear to violate the Indemnity Act, but upon closer examination appears to be void as applied. Defendant argues that because of the express agreement, if defendant becomes liable to a worker because of Otto Baum's violation of a safety law (Structural Work Act), defendant should be indemnified for losses caused by Otto Baum's conduct. Based on the weight of the authority we have reviewed, we hold that the agreement is void and unenforceable for the reasons that follow.

The real question before us is whether a party who may be found liable under the Structural Work Act (defendant Williams Brothers) may shift any portion of its liability to another negligent party by means of a prior express indemnity agreement. The Appellate Court, First District, has responded that such contractual indemnification would undermine the Indemnity Act. In *Cox v. Lumbermens Mutual Casualty Co.* (1st Dist. 1982), 108 Ill. App. 3d 643, the court concluded that "there are no Structural Work Act violations for which contractual indemnification is permitted." (*Cox*, 108 Ill. App. 3d at 647.) For an enlightening and perceptive review of the cases on this issue, see *Stifle v. Marathon Petroleum Co.* (7th Cir. 1989), 876 F.2d 552.

In *Cox*, the defendant and third-party plaintiff urged that a party could violate the Structural Work Act by conduct that does not amount to negligence. The defendant argued that its liability was vicariously premised, not the result of its own negligence, and the contract under which it was suing provided that it would be indemnified for all liability arising out of a Structural Work Act violation. The *Cox* court rejected the argument that a cause of action could arise under the Act from conduct that is less than negligent and stated that fault of some kind is required, although it may range from passive negligence to wilful misconduct. After determining that liability could only result from a finding that the party itself was negligent, the court reasoned that indemnification (for the

entire amount of damages) would violate the Indemnity Act. Accord *Motor Vehicle Casualty Co. v. GSF Energy, Inc.* (1st Dist. 1989), 193 Ill. App. 3d 1, 7 (defendant indemnitee must first be found to have wilfully violated Structural Work Act before it can look to contractor indemnitor for indemnification; the underlying implication is a proscribed attempt to uphold an express agreement to reimburse defendant for liability directly attributable for its own violation of the Act, not liability imposed vicariously or strictly); *Hibbler*, 130 Ill. App. 3d 30 (conduct that violates Act can range from passive negligence to wilful misconduct, and all indemnification agreements regarding such conduct are *per se* prohibited by the Indemnity Act); see *Ryan v. E.A.I. Construction Corp.* (1st Dist. 1987), 158 Ill. App. 3d 449, 464-65 (even if indemnitee is only passively or technically negligent, enforcing contractual indemnity provisions would enable indemnitee to seek indemnity for its own wilful violation of the Act); see also *Shaheed v. Chicago Transit Authority* (1st Dist. 1985), 137 Ill. App. 3d 352, 364-65.

The third and fifth districts have apparently reached the same result. *Pilon v. George A. Johnson & Son* (3d Dist. 1984), 125 Ill. App. 3d 590, 591-92 (attempt to pass liability on via contractual indemnity was barred by indemnity statute where indemnity agreement provided that subcontractor would indemnify and hold harmless general contractor against all claims resulting from violation of Structural Work Act as a result of performance of work by subcontractor); *Long v. Bucyrus-Erie Co.* (5th Dist. 1983), 112 Ill. App. 3d 578 (since defendant and third-party plaintiff indemnitee could not free itself of the fact of its own negligence under the Indemnity Act by invoking the terms of the construction contract, indemnitee had no claim for contractual indemnity, and trial court did not err in dismissing third-party complaint).

Defendant asserts that it should be permitted to look to Otto Baum, the indemnitor, for any loss which defendant may sustain by reason of Otto Baum's failure to comply with any safety laws such as the Structural Work Act. However, in relying on *Dixon v. Northwestern Publishing Co.* (166 Ill. App. 3d 745), defendant, as indemnitee, is essentially arguing that, via its indemnity agreement, it should be permitted to litigate the comparative fault of Otto Baum and allow the finder of fact to assess the percentage of liability as it exists with respect to each party. We disagree with this approach, and we decline to follow *Dixon* on this point; we believe it is contrary to the weight of authority on the subject. It is unclear under what authority, if any, the *Dixon* court was able to conclude that

the issue of comparative fault should be litigated under an express *indemnity* agreement.

In *Dixon*, in a Structural Work Act claim similar to the one at bar, the Appellate Court, Fourth District, decided that it was improper to dismiss a third-party complaint based on contractual indemnity even where there had been a settlement between the plaintiff, Dixon, and the indemnitor, Hall. In that settlement agreement, the plaintiff, Dixon, agreed that should he obtain judgment against the indemnitee Northwestern Publishing Company (d/b/a The Commercial News), he would not execute or seek to enforce any judgment for which Hall would be liable in indemnity or contribution to Northwestern.

The *Dixon* court stated that the supreme court had held that active-passive or implied indemnity is no longer a viable doctrine after passage of the Contribution Act (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26; Ill. Rev. Stat. 1985, ch. 70, par. 302); the *Dixon* court also stated that the supreme court had stated that "its decision was not meant to affect situations of wholly vicarious liability or situations where indemnity is sought based upon an express agreement." (*Dixon*, 166 Ill. App. 3d at 752.) However, in making these observations, the *Dixon* court was citing *dictum* from the *Allison* decision (*Allison*, 113 Ill. 2d at 27) which did not consider whether an express indemnity provision could contravene the Indemnity Act.

The *Dixon* court then noted that although the settlement between the plaintiff and the indemnitor, Hall, precluded execution on an indemnity award in favor of Northwestern Publishing (Commercial News), it did not establish what percentage of plaintiff's award should be attributed to Hall's negligence. The *Dixon* court feared that Commercial News could be found responsible for the total amount of damage to the plaintiff despite a contrary, express indemnity agreement between Hall and Commercial News. Because of the express indemnity agreement and despite the fact that plaintiff could not execute on the judgment, the *Dixon* court concluded that there remained a justiciable issue regarding the percentage of liability and it was error to dismiss the third-party complaint.

We do not find this conclusion sound because it appears to misconstrue the meaning of the indemnity doctrine and ignores the effect of the Indemnity Act on *construction* contracts which are within the purview of the Structural Work Act. Like the *Stifle* court, we too fail to understand how the settlement agreement in *Dixon* between the plaintiff and third-party defendant (which implic-

itly endorsed the indemnification agreement's superiority over the Contribution Act) casts any light on whether the express indemnification agreement between the defendant and the third-party defendant is void under the Indemnity Act. *Stifle*, 876 F.2d at 558 n.7.

■ The *Stifle* court made another useful observation applicable to the issue raised here by defendant. That court pointed out that indemnity is a common-law doctrine which shifts the entire responsibility from one tort-feasor, who has been compelled to pay the loss, to another tort-feasor, who is truly culpable. (*Stifle*, 876 F.2d at 558, citing *Playskool, Inc. v. Elsa Benson, Inc.* (1986), 147 Ill. App. 3d 292, 297.) Thus, a suit for indemnity is brought to recover the total amount of the payment by the plaintiff seeking indemnification. By contrast, a suit for contribution is brought for the recovery of a proportionate part of the sum paid by a plaintiff on the ground that the parties were both guilty of negligence and should share the costs. (876 F.2d at 559.) It has been stated that contribution, which is a statutory remedy that involves the sharing of payment of damages among liable parties, is a superior practice to indemnity, which completely shifts liability to another. *Stephan v. Sears, Roebuck & Co.* (1986), 147 Ill. App. 3d 833, 836, citing *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349.

If indemnification is what was truly contemplated by the agreement between Williams Brothers and Otto Baum, then the agreement would require Otto Baum to indemnify Williams Brothers for *all* liabilities arising from Otto Baum's performance. This is clearly impermissible under the Indemnity Act. Any liability which Williams Brothers would incur as a result of plaintiff's claim against it would only be due to its own negligence or culpability, and not Otto Baum's performance, because liability under the Structural Work Act only arises out of actual negligence and not vicariously (*GSF*, 193 Ill. App. 3d at 7) or strictly (*Allison*, 113 Ill. 2d at 35). Thus, even under Williams Brothers' construction of the agreement, it would not be able to shift the entire amount of its liability to Otto Baum. Rather, it could only shift that portion of its liability which is attributable to Otto Baum's degree of fault. As the *Stifle* court pointed out, it is hard to imagine a clearer example of contribution as opposed to indemnification. *Stifle*, 876 F.2d at 559.

■ As in *Stifle* and *GSF*, the indemnification agreement, as it purports to indemnify Williams Brothers for liability arising exclusively from Otto Baum's performance, would not, on its face, run afoul of the Indemnity Act. However, Williams Brothers urges a

construction that, if applied, would convert the indemnification agreement into an agreement for contribution without the statutory foreclosure upon a good-faith settlement which is central to the Contribution Act. (In order to encourage settlement (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 325), the Contribution Act provides that a tort-feasor that settles in good faith with an injured party is then absolved from any further liability (Ill. Rev. Stat. 1987, ch. 70, par. 302); under proper circumstances, a right of setoff is also provided to prevent a double recovery (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 322-24).) We believe that defendant urges a construction of the agreement which does violence to the meaning of the term "indemnity" and, if adopted, would also undermine the viability of the Indemnity Act and would contravene the good-faith settlement whose approval we have already affirmed in this cause pursuant to the Contribution Act (*Pettie*, 194 Ill. App. 3d 1114; Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*).

Defendant is only being sued for its own potential negligence. Although defendant appears concerned that the jury may impose a greater degree of liability upon it than is warranted, such a concern must be addressed by proper presentation of the case and the evidence in the trial court. See *Allison*, 113 Ill. 2d at 35.

In sum, since Williams Brothers must first be found to have wilfully violated the Structural Work Act before it can look to Otto Baum for indemnification, the underlying implication is an attempt to uphold an express agreement to reimburse Williams Brothers for liability directly attributable to its own violation of the Act, not liability imposed vicariously or strictly. We hold that this type of agreement is proscribed by the Indemnity Act. We agree with the reasoning adopted in such cases as *GSF* and *Cox*. See *GSF*, 193 Ill. App. 3d at 7; *Cox*, 108 Ill. App. 3d at 647.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and BOWMAN, J., concur.