[Cite as *Certain Underwriters at Lloyds v. Woodling*, 2014-Ohio-2811.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT | : | |
| LLOYDS, as subrogee of Leon Tooles | : | Appellate Case No. 2013-CA-7 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 11-CV-768 |
| | : | |
| v. | : | |
| | : | |
| BRUCE L. WOODLING | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

TABITHA M. HOCHSCHEID, Atty. Reg. #0065172, Hochscheid & Associates, LLC, 810 Sycamore Street, Suite 420, Cincinnati, Ohio 45202
        Attorney for Plaintiff-Appellant

STEPHEN V. FREEZE, Atty. Reg. #0012173, and MARK C. ENGLING, Atty. Reg. #0070870, Freund, Freeze & Arnold, Fifth Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
        Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant OOIDA Risk Retention Group, Inc., as subrogee of its

insured, Leon Tooles, appeals from a summary judgment rendered in favor of defendant-appellee

Bruce L. Woodling. OOIDA contends that the trial court erred in applying Michigan law to determine its subrogation rights relating to an automobile accident that occurred in Ohio.

{¶ 2} We conclude that the trial court did not err in rendering summary judgment in favor of Woodling. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} In December 2009, Bruce Woodling allegedly caused a motor vehicle accident while driving his commercial truck in Darke County. Woodling's truck struck a vehicle driven by Leon Tooles. At the time of the collision, Tooles was a resident of the State of Michigan and was insured by OOIDA Risk Retention Group, Inc.

{¶ 4} In 2011, Tooles commenced an action against Woodling and a number of other defendants in the Washtenaw County Trial Court in Michigan, seeking "wage-loss benefits, replacement services expenses, medical expenses, No Fault interest, actual attorney fees, or other benefits owed to Plaintiff." Although we do not have the complete record from that litigation in the record before us, our record does include copies of the First Amended Complaint and the Second Amended Complaint. Dkt. 16, Exhibits C and D. OOIDA was one of the defendants identified in the Second Amended Complaint.

{¶ 5} In December 2011, OOIDA[1] commenced this action in the Court of Common Pleas of Darke County against Woodling, alleging that OOIDA is the insurer for Tooles and that it had compensated Tooles in the amount of $17,896.16 for bodily injury incurred in the accident

---

[1] The original plaintiff in this action was Certain Underwriters at Lloyds, but plaintiff subsequently moved to amend the complaint to reflect the fact that OOIDA was the correct plaintiff.

caused by Woodling in 2009. OOIDA, as a subrogee of its insured, Tooles, sought reimbursement of this money from Woodling, based on Woodling's tortious actions.

{¶ 6} Woodling filed an answer to OOIDA's complaint and subsequently moved for summary judgment on the complaint. The trial court granted Woodling's motion and dismissed the complaint. From this judgment, OOIDA appeals.

### II. The Trial Court Did Not Err in Granting Summary Judgment to Woodling

{¶ 7} OOIDA's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE AS THE ACCIDENT UNDERLYING THIS MATTER OCCURRED IN OHIO AND SHOULD BE ADJUDICATED IN THE OHIO COURTS.

{¶ 8} When reviewing a summary judgment, an appellate court conducts a de novo review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 9} In granting Woodling's motion for summary judgment, the court found, in part:

The Court finds that the Michigan statutes [citations omitted] are clearly written to provide a right of reimbursement to parties and insurers who pay benefits to an injured person. Such right of reimbursement appears to be a fundamental part of its "no fault" approach to civil litigation of personal injury claims. This substantive law defines the insurance relationship, requirements and statutory duties which give rise to the Plaintiff's duty to pay for the injuries sustained by Mr. Tooles. Since the rights in Michigan are clearly rights to be reimbursed from any proceeds which may be payable arising from the Michigan litigation, the Court finds that the Plaintiff cannot maintain separate litigation in Ohio.

\* \* \* [T]he relationship between the parties is a statutory one of reimbursement. The terms of the insurance policy which establish a subrogation relationship is only applicable if the statutory conditions for reimbursement are first determined under Michigan law – a significant contingent condition.

The Court notes that its conclusion is supported by the public policy goal of achieving consistent results when related litigation is commenced in different venues. To allow Plaintiff to claim that it is a subrogee in Ohio while also denying any contractual duty to pay in Michigan could result in inconsistent outcomes. For example, Plaintiff could prevail in Ohio based on its actual payment of expenses which expenses may later be found in Michigan to not be a legally binding obligation. \* \* \*

\* \* \*

The Court cautions against analyzing these facts as if a personal injury

complaint were filed in Ohio. Under that scenario, all the necessary parties would be subject to a single Court's jurisdiction and, presumably, a consistent verdict would be given under a single state's jurisprudence. Here, two very different state jurisprudence are involved – a distinction for which great attention must be given. But for the Michigan statutory scheme which establishes merely rights of reimbursement, the outcome of this decision would likely be considerably different. Dkt. 23, p. 5-6.

{¶ 10} On appeal, OOIDA contends that the trial court erred by applying the principles set forth in Michigan's no-fault statutory scheme. According to OOIDA, the trial court should not have relied on Michigan's statutory scheme, because the underlying tort occurred in Ohio, not Michigan. We disagree.

{¶ 11} In *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 747 N.E.2d 206 (2001), paragraph one of the syllabus, the Supreme Court of Ohio held that "[a]n action by an insured against his or her insurance carrier for payment of underinsured motorist benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions." Furthermore, the Court held that "[q]uestions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)." *Ohayon* at paragraph two of the syllabus. The Court in *Ohayon* went on to apply Ohio law despite the fact that the automobile accident occurred in Pennsylvania because the "true heart of the matter" involved the interpretation of an insurance contract executed and delivered in Ohio by Ohio residents covering a vehicle principally garaged in Ohio. *Id.* at 482-483.

{¶ 12} The Court's holdings in *Ohayon*, albeit involving a dispute between an insurer and insured rather than an insurer and a tortfeasor, support the trial court's decision in the present case. Michigan law should apply to determine the underlying relationship between OOIDA and its insured, Tooles. Furthermore, the plain language of OOIDA's insurance policy with Tooles supports the trial court's finding that the insurance policy is subject to the limitations set forth in the Michigan Insurance Code. For example, the "Michigan Personal Injury Protection Endorsement" in the policy states, in part: "We will pay personal injury protection benefits to or for an 'insured' who sustains 'bodily injury' caused by an 'accident' and resulting from the ownership, maintenance or use of an 'auto' as an 'auto'. These benefits are subject to the provisions of Chapter 31 of the Michigan Insurance Code." Dkt. 16, Exhibit B. The Endorsement then identifies the following personal injury protection benefits: medical expenses, funeral expenses, work loss, and replacement services, and survivor's loss benefits. *Id.*

{¶ 13} Having found that the trial court correctly applied the Michigan Insurance Code to OOIDA's relationship with its insured, Tooles, we must next review whether the trial court then reached the proper result by dismissing OOIDA's action against Woodling, based on the language contained in Michigan's Insurance Code.

{¶ 14} In *Kurent v. Farmers Ins. of Columbus, Inc.*, 62 Ohio St.3d 242, 242-243, 581 N.E.2d 533 (1991), the Supreme Court of Ohio explained Michigan's no-fault system regarding automobile accidents and an insurance company's right to receive reimbursement for monies paid to its insured:

Michigan's no-fault insurance laws abolish tort liability for ordinary injuries arising from automobile accidents. M.C.L.A. Section 500.3135 (West 1983). In Michigan an insured person injured by an insured driver may recover

specified benefits, based on costs actually incurred, from his own insurer regardless of fault. M.C.L.A. Sections 500.3105 and 500.3107 (West 1983). The insured tortfeasor driver is subject to tort liability for non-economic damages caused by the use of his automobile only if the injured person suffers damages beyond the threshold limit. The threshold limit in Michigan is defined as death, serious impairment of a bodily function, or permanent serious disfigurement. M.C.L.A. Section 500.3135. An uninsured Michigan driver is subject to tort liability for all economic loss as well as above-threshold non-economic loss. *Bradley v. Mid–Century Ins. Co.* (1980), 409 Mich. 1, 62–63, 294 N.W.2d 141, 163.

{¶ 15} As explained by the Court in *Kurent*, "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle * * * ." M.C.L.A. Section 500.3105(1). Personal protection insurance benefits are due without regard to fault. M.C.L.A. Section 500.3105(2).

{¶ 16} Furthermore, an insurer may seek reimbursement in certain circumstances for benefits paid to its insurer. Specifically, M.C.L.A. Section 500.3116(2) provides, in part:

> A subtraction from or reimbursement for personal protection insurance benefits pay or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state, * * * and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. * * * If personal protection

insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received * * *. The insurer shall have a lien on the recovery to this extent. * * *

{¶ 17} Based on our review of Michigan's Insurance Code with regard to reimbursement for personal protection insurance benefits and the specific provisions of OOIDA's insurance policy with Tooles, we conclude that the trial court properly found that OOIDA could not seek reimbursement directly against Woodling in a separate action in Ohio while its insured, Tooles, sought compensation in his tort action brought in Michigan. *Accord Auto-Owners Ins. Co. v. McMahon*, 48 Ohio App.3d 38, 40-41, 548 N.E.2d 275 (finding "that it would be inequitable and unjust to permit [the insurer] to escape the no-fault insurance system developed under Michigan law on the mere basis that the accident occurred in Ohio").

{¶ 18} The sole assignment of error is overruled.

### III. Conclusion

{¶ 19} The sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WRIGHT, J., concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Tabitha M. Hochscheid
Stephen V. Freeze

Mark C. Engling
Hon. Jonathan P. Hein